UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br>                             Plaintiff,<br>v.<br>DAVID PONTIER, et al.,<br>                            Defendants. | Case No.: 18cv1869-LAB (BGS)<br><br>**ORDER DENYING MOTION FOR HEARING ON REQUEST FOR SANCTIONS** |

    David Pontier, a Defendant in this interpleader action, filed an *ex parte* motion asking the Court to sanction Plaintiff Joseph Dang under Fed. R. Civ. P. 11 for having improperly filed this action in order to thwart a state bar proceeding, and requested a hearing. This action was dismissed last June.

    A party's motion for Rule 11 sanctions must be served on the opposing party before filing, and must not be filed or presented to the court if the challenged filing (here, the complaint) is withdrawn or corrected within 21 days after service. Fed. R. Civ. P. 11(c)(2). Pontier does not show that he served Dang with his motion before filing it, and Dang has already voluntarily dismissed the complaint. Pontier also asks for attorney's fees, but because he is appearing *pro se*, he would not be entitled to them in this case even if sanctions were awarded. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

The Court recognizes that it has authority to sanction Dang or any other attorney or party appearing before it, even without a motion for sanctions. Accepting Pontier's representations as true, Dang may have done something wrong by filing this action, or by failing to deposit the *res* with the Court. But the motion does not show he committed fraud on this Court or committed an offense that warrants sanction by this Court.

Nothing in this order prevents Pontier from making his argument to the state bar, or from making a complaint to the state bar, or from filing an appropriate civil action.

**IT IS SO ORDERED**.

Dated: March 13, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge